IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MATTHEW WASHINGTON,<br>    Plaintiff, | ::<br>::<br>:: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | ::<br>:: | |
| STATE BOARD OF PARDONS AND PAROLES,<br>    Defendant. | ::<br>::<br>:: | CIVIL ACTION NO.<br>1:14-CV-4010-AT |

## **ORDER**

Plaintiff is a state prisoner who, pro se, sought relief under 42 U.S.C. § 1983 in this case. On January 30, 2015, the Court dismissed the case without prejudice, and the Clerk entered judgment the same day [9, 10].

On January 13, 2016, Plaintiff executed a "notice of appeal – out of time," in which he simply stated that he "appeals this case to U.S. Court of Appeals, Eleventh Circuit." (Doc. 13.) The Clerk construed the filing as a motion for leave to file an out-of-time appeal. Plaintiff also filed a motion for equal protection of the law. (Doc. 14.)

Plaintiff had thirty days from the date judgment was entered in this case to file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). That is, he had until March 2, 2015 to appeal. And Plaintiff had until April 1, 2015 to file a motion to extend the time to appeal for good cause or excusable neglect. *See id.* R. 4(a)(5).

Because Plaintiff did neither of those things, he can appeal only if he satisfies the requirements for reopening the time to appeal. The Rules provide:

AO 72A
(Rev.8/82)

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>   (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;[1]
>   (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>   (C) the court finds that no party would be prejudiced.

*Id*. R. 4(a)(6). "Rule 4(a)(6) provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered." *Vencor Hosps., Inc. v. Standard Life and Accident Ins. Co.*, 279 F.3d 1306, 1311 (11th Cir. 2002).

Plaintiff did not state that he did not receive the Court's final Order and judgment in this case or that he received late notice of those events. (*See* Doc. 13.) But even if he did not receive notice of those events, the Court cannot reopen the time to appeal because Plaintiff filed his motion to reopen more than 180 days after those events occurred on January 30, 2015.[2]

---

[1] Rule 77(d)(1) requires that the Clerk serve notice of the entry of an order or judgment immediately upon entry. Rule 77(d)(2) provides: "Lack of notice of the entry [of the judgment or order] does not affect the time for appeal or relieve    or authorize the court to relieve    a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)." Fed. R. Civ. P. 77(d)(1) and (2).

[2] If certain timely filed post-judgment motions are filed, the thirty-day period to appeal does not begin until such motions are resolved. Fed. R. App. P. 4(a)(4). Plaintiff filed a motion for

Rule 4(a)(6) is inflexible where a motion to reopen the time to appeal is filed more than 180 days after entry of the judgment or order at issue. Indeed, the "Supreme Court has interpreted the time limit provided by Rule 4(a)(6) as a jurisdictional bar to appeal." *Petrola v. United States*, 422 F. App'x 773, 776 (11th Cir. 2011) (citing *Bowles v. Russell*, 551 U.S. 205, 213 (2007)). The Court thus "lack[s] the authority to fashion an exception to this rule since [Plaintiff's] motion to file an out-of-time notice of appeal exceeded the 180 days provided for by the Rule 4(a)(6) exception," that is, the Court's "hands [are] tied by Rule 4(a)(6)." *See id*.

In his one-page "motion for equal protection of the law," Plaintiff complains of his life imprisonment sentence and says that such sentences should be deemed unconstitutional. (Doc. 14.) To the extent Plaintiff seeks by that motion for the Court to reconsider its dismissal of this case, the motion fares no better than his earlier motion for reconsideration.

Accordingly, Plaintiff's motions for leave to reopen the time to appeal [13] and for equal protection [14] are **DENIED**.

---

reconsideration in this case, but the motion was not timely because he did not file it within twenty-eight days of the date judgment was entered. (Doc. 11 (motion executed March 29, 2015).); LR 7.2E, NDGa. Even if the motion had been timely, the Court denied it on April 24, 2015, and Plaintiff sought leave to appeal out of time more than 180 days after that date. (Docs. 12, 13.)

3

AO 72A
(Rev.8/82)

**SO ORDERED** this 4th day of February, 2016.

                                              _____
                                              AMY TOTENBERG
                                              UNITED STATES DISTRICT JUDGE