IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MATTHEW WASHINGTON,  Plaintiff, | :: :: :: | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | :: :: | |
| STATE BOARD OF PARDONS AND PAROLES,  Defendant. | :: :: :: | CIVIL ACTION NO. 1:14-CV-4010-AT-GGB |

### ORDER

Plaintiff is confined at Phillips State Prison in Buford, Georgia. Plaintiff has served thirty-eight years of a sentence of life imprisonment [1]. Plaintiff, pro se, filed a complaint under 42 U.S.C. § 1983 because he believes he has "paid the debt for [his] crime" and has "paid [his] debt to society." (*Id.* at 3.)

Magistrate Judge Brill recommended that this case be dismissed because the U.S. District Court for the Southern District of Georgia enjoined Plaintiff from filing lawsuits in any federal court without first paying the filing fee and a $1,500 contempt bond and submitting an affidavit and a copy of the injunction. (Doc. 4 ("R&R")); *see Washington v. Alaimo*, 934 F. Supp. 1395 (S.D. Ga. 1996). Plaintiff's decades-long history of frivolous litigation led to that injunction. *See* Order, *Washington v. West*, No. CV614-024 (S.D. Ga. May 6, 2014); *Alaimo*, 934 F. Supp. at 1397-99. Plaintiff did not satisfy any of the conditions of the injunction when he filed this case.

Judge Brill further noted that Plaintiff cannot challenge his judgment of conviction in this Court under the federal habeas laws because that judgment was rendered in the Superior Court of Chatham County, which is located in the Southern District. (R&R at 2.)  It is the policy of the federal district courts in Georgia that all habeas cases challenging a state judgment of conviction be filed in the district in which the judgment was rendered.

In response to the R&R, Plaintiff filed "Objections and Motion for Judgment on the Pleadings," (Docs. 6, 7), and a separate page of "Objections," (Doc. 8).  A district judge must conduct a careful and complete review of a magistrate judge's R&R, *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982), and "make a de novo determination of those portions of the [R&R] to which objection is made," 28 U.S.C. § 636(b)(1)(C).  Those portions of the R&R for which there is no objection are reviewed only for clear error.  *See United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) ("District judges do not actually have to exercise de novo review of magistrate judges' decisions, however, unless an objection is made.").

Plaintiff repeats in his objections his claim that he has paid his debt to society by serving almost four decades of his life sentence. (Doc. 6.) Plaintiff thus apparently seeks immediate release from prison, which can be obtained only via a writ of habeas corpus.  As noted in the R&R, this Court is not the appropriate venue for any challenge under the habeas laws to Plaintiff's judgment of conviction.

Plaintiff states that he has "filed several federal habeas petitions," which suggests that he may not be able to file another habeas case in the Southern District without permission from the court of appeals. *See* 28 U.S.C. § 2244(b)(3) (requiring such permission "[b]efore a second or successive application . . . is filed in the district court"). Regardless of whether he needs the court of appeals' permission, Plaintiff cannot pursue habeas relief in this Court for the reasons stated above and in the R&R. The injunction prevents Plaintiff from filing any other type of case in federal court unless he complies with the injunction's requirements, which he did not do here.[1]

Accordingly, the Court **OVERRULES** Plaintiff's objections [6, 8] and **ADOPTS** the R&R [4] as the opinion of the Court. Plaintiff's motion for judgment on the pleadings [7] is **DENIED AS MOOT** and this case is **DISMISSED**

---

[1] Plaintiff also objected to the R&R on the basis that he has no money, thus suggesting that he cannot comply with that part of the injunction requiring him to pay the full filing fee and a contempt bond. (Doc. 8.) Prisoners who have filed at least three frivolous cases while incarcerated are barred from filing further actions without paying the filing fee unless they are in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). After finding that Plaintiff has a long history of filing frivolous cases while in prison, the court in the Southern District was authorized, pursuant to the Prison Litigation Reform Act and its inherent powers, to include the fee requirement in its injunction. Plaintiff's indigent status thus does not excuse him from the injunction.

**WITHOUT PREJUDICE** to Plaintiff seeking habeas relief in the Southern District or seeking permission from the court of appeals to file a successive habeas petition.

**SO ORDERED** this 30th day of January, 2015.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)