IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MATTHEW WASHINGTON,<br>    Plaintiff, | : <br> : <br> : | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | : <br> : | |
| STATE BOARD OF PARDONS AND PAROLES,<br>    Defendant. | : <br> : <br> : | CIVIL ACTION NO.<br>1:14-CV-4010-AT |

## **ORDER**

Plaintiff is a state prisoner who, pro se, sought in this action a pardon or parole because he believes he has paid his debt to society after almost forty years in prison [1]. Plaintiff has filed many frivolous lawsuits in the decades he has been imprisoned, which led to a filing injunction almost twenty years ago. *See Washington v. Alaimo*, 934 F. Supp. 1395, 1400 (S.D. Ga. 1996) (imposing pre-filing conditions on any suit Plaintiff files "in this or any other federal district court"). That injunction remains in effect. *See* Order, *Washington v. West*, No. CV614-024 (S.D. Ga. May 6, 2014) (dismissing suit Plaintiff filed without satisfying the injunction's requirements).

Because Plaintiff did not satisfy the injunction's pre-filing requirements in this case, the Court dismissed the action without prejudice. (Doc. 6.) Two months later, Plaintiff filed a motion for reconsideration. (Doc. 11.) Plaintiff admits that his motion is late, but offers no excuse for the late filing. (*Id.*); *see* LR 7.2E, NDGa.

AO 72A
(Rev.8/82)

(requiring motions for reconsideration to be filed "within twenty-eight (28) days after entry of the order or judgment").

"The Court does not reconsider its orders as a matter of routine practice." *Belmont Holdings Corp. v. SunTrust Banks, Inc.*, 896 F. Supp. 2d 1210, 1223 (N.D. Ga. 2012); *see* LR 7.2E, NDGa. Motions for reconsideration are appropriate only where there is newly discovered evidence that could not have been discovered earlier with diligence, an intervening change in controlling law, or a clear error of law or fact. *See Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).

Plaintiff reiterates in his motion for reconsideration that he believes he has been imprisoned long enough for "killing a white cop" and suggests that he remains in prison only because of his race and sexual orientation. (Doc. 11.) He complains that "society hates me" and "hate[] should be a crime." (*Id.*)

Plaintiff has shown no basis for reversing the Order dismissing this case. Plaintiff did not satisfy any of the requirements imposed by the injunction order when he filed this case, including the requirement to pay the filing fee. Even if Plaintiff is indigent, that requirement cannot be ignored, as the Prison Litigation

AO 72A
(Rev.8/82)

Reform Act requires the same of prisoners with "three strikes." *See* 28 U.S.C. § 1915(g). Plaintiff's motion for reconsideration [11] is **DENIED**.

**SO ORDERED** this 24th day of April, 2015.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE